McKinney J.,
delivered the opinion of the court.
This was a petition for Dower in the Circuit Court of Roane.
The only question in the cause arises upon the following clause in the last will and testament of Jesse Stubbs, deceased.
“ Fourthly, at my wife’s decease, I give to my loving son, *44 George Stubbs, all the parcel or tract of land I now live on, together with my negro man Abraham; and, at his decease, the property, to-wit; the land and negro man, to be divided equally amongst his children.”
George Stubbs, the tenant for life, died: and, upon the assumption that, by operation of the rule in Shelly’s case, he took an absolute estate in the tract of land mentioned in the foregoing devise, his widow brought this petition to have dower of the same.
This assumption is wholly erroneous. The word “children” is properly a word of purchase, and not of limitation; and is invariably so construed, unless it be used in such connection, or be so controlled by other words, as to show clearly that it was intented as a word of limitation. There is nothing in the present case to control the appropriate and technical meaning of the word children. Kay vs. Conner, 8 Hum. 633.
The petition, therefore, was properly dismissed, and the decree will be affirmed.